

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Coke R. Stevenson
Governor of Texas
Austin 11, Texas

Dear Governor:

Opinion No. O-7074
Re: Whether or not under the
facts stated the Governor
may approved a deficiency
warrant in the amount of
$17,000.00 for the purchase
of right of way and ad-
jacent lots for a highway
approach to Texas College
of Arts and Industries at
Kingsville.

　　　　Your inquiry touching the above subject matter is as
follows:

　　　　"The attached letter from Dr. E. N. Jones, President
of Texas College of Arts and Industries, Kingsville, is
a request for a deficiency appropriation in the amount
of $17,000.00 to purchase right-of-way and adjacent
lots for a highway approach to the campus. As you will
see by reading Dr. Jones' letter, the deficiency occurs
in Item 88, 'General Improvements and Repairs,' which
is included under the section heading, 'Improvements,
Repairs, Buildings, and Land Purchase Expenditures,'
as printed on page 82 of the 'Supplement to Daily
and permanent House Journal, Forty-ninth Legisla-
ture, Regular Session.'

　　　　"It will be greatly appreciated if you will
advise me if a deficiency appropriation can be
made for the purposes expressed in Dr. Jones' letter."

　　　　We also quote from the attached letter of Dr. Jones
to which you refer, as follows:

　　　　"The Texas College of Arts and Industries is con-
fronted with an emergency in the securing of funds to
purchase the right-of-way and adjacent lots for a
highway approach to the campus. I hereby respectfully
present for your consideration, a request for a de-

ficiency appropriation in amount of $17,000 for this purpose.

"The deficiency occurs in item 88, 'General Improvements and Repairs', which is included under the section heading, 'Improvements, Repairs, Buildings, and Land Purchase Expenditures'. as printed on page 82 of the 'Supplement to Daily and Permanent House Journal, Forty-ninth Legislature, Regular Session.' The amount of $4,000 entered for item 88 is insufficient for present needs.

"The following facts and observations are presented in support of the above request:

"1. In the preparation of a Master Plan for the development of the campus, it has been necessary to move the main entrance westward approximately one-third of a mile from the present corner approach at the intersection of Santa Gertrudis and North Armstrong Streets.

"2. This plan has been recognized by the State Highway Commission in Minute No. 21415, dated August 24, 1945, which reads:

"'In KLEBERG COUNTY, IT IS ORDERED by the Commission that a Spur be designated from State Highway 41 to the entrance of the campus of the College of Arts and Industries in Kingsville, a distance of approximately 2000', on condition that unobstructed right-of-way will be furnished without cost to this Department, and the State Highway Engineer is directed to prepare surveys for determination of location and right-of-way requirements.'

"The right-of-way map prepared by the State Highway Department is enclosed.

"3. The land to be purchased is situated at the north end of the proposed development. On it is located the only house at present appearing on the entire right-of-way. Two new additions are under development with lots on either side of the proposed highway strip. Twelve new houses have been constructed within two blocks of said right-of-way within the past four months. We are greatly concerned over the possibility

that the land involved will rapidly increase in value
due to the building and real estate development now
occurring.

"4. Approximately two-thirds of the right-of-way
will be donated, provided the entire development is
consummated before additional residence construction
intervenes. Furthermore, we have no assurance that
these offers will remain open, and it is therefore
very important, in order to secure the gifts, that
the money be obtained at this time.

"5. Due to low war-time enrollment our local
fund reserve is not sufficient to carry this extra
load at present.

"6. The sum needed for the purchase   of the prop-
erty which will not be donated is $17,000.*

It is our opinion the deficiency warrant requested by
Dr. Jones may not lawfully be issued. It does not fall within
the scope of Article 4351 of the Revised Civil Statutes, as
the same has been consistently and repeatedly construed by this
Department.

Item 88 mentioned in connection with your request is,
as stated, "General improvements and repairs--$4,000.00".
This item falls under the general heading of IMPROVEMENTS,
REPAIRS, BUILDINGS AND LAND PURCHASE EXPENDITURES, and is one
of several items dealing with improvements. Thus, item 89 is
"remodeling and improvements--gymnasium and swimming pool";
item 90 is "remodeling and improvements--administration build-
ing." So that item 88 does not purport to cover all items of
improvements nor even the major part thereof.

The warrant is not sought for repairs. The item,
therefore, would appear to include only minor improvements in
the nature of repairs and not such major improvements as
amount to permanent improvements, and certainly it does
not include purchasing land.

It has been the uniform construction of this statute
that it authorizes a warrant only for the purpose of supplying
casual deficiencies for a purpose for which there has been a
specific appropriation but because of unexpected and unfore-
seen conditions the appropriation has proven to be insufficient.

We have in several opinions denied the right to a deficiency warrant when the purpose thereof was to make permanent improvements.

As appears from Dr. Jones's letter, the deficiency warrant is in truth sought for the purpose of acquiring additional land for the instutition for which purpose no appropriation was made by the Legislature. Whether the purpose be treated as one to purchase or one to make permanent improvements the result is the same.

In our Opinion No. O-2118 addressed to Governor W. Lee O'Daniel (copy of which we hand you herewith) you will find we answered the following questions as shown, to wit:

"1. 'The Sam Houston State Teachers College at Huntsville has requested the sum of Twenty-five Thousand ($25,000) Dollars to be used in replacing a dormitory which was destroyed by fire a few weeks ago.'

"2. 'Southwest State College at San Marcos has requested a deficiency appropriation in the amount of Three Thousand Five Hundred Sixty-eight Dollars and Twenty-eight Cents ($3,568.28),' for the purpose of constructing a steam line to the auditorium-laboratory school building recently built by a PWA grant and loan.

"3. 'The Sul Ross Teachers College at Alpine, Texas, requests the sum of Three Thousand ($3,000.00) Dollars to be used in repairing the roof of the library building at that institution.'

"4. A modified request by the Southwest State Teachers College for a deficiency warrant as follows:

"'* * * $3,568.28 to supplement Appropriation A-878, General Maintenance and Equipment, which has been exhausted. General Maintenance and Equipment is the only State Fund from which payment may be made of accounts for power, light, heat, plumbing and minor repairs on Power Plant. If this Deficiency Warrant is approved to supplement the General Maintenance and Equipment Appropriation, it will be expended in the same manner as the regularly appropriated General Maintenance and Equipment Fund was spent, being therefore only a supplement to the regular Appropriation A-878.'"

The answers given the above questions were as follows:

"1. The Sam Houston State Teachers College at Huntsville is not entitled to a deficiency warrant for the purpose of replacing a dormitory which has been destroyed by fire.

"The rebuilding of a structure destroyed by fire stands upon precisely the same footing as the construction of a new building and such replacement does not fall within the rule we have hereinabove announced.

"2. Southwest State Teachers College at San Marcos is not entitled to a deficiency warrant in the amount of $3,568.28, or in any other amount, for the purpose of constructing a steam line to the auditorium-laboratory school building recently built by a PWA grant and loan.

"An examination of the Appropriation Bill passed by the 46th Legislature covering the Southwest Texas State Teachers College at San Marcos reveals that the project for which the issuance of a deficiency warrant is requested not only could have been but was considered by the Legislature, for the Legislature provided the sum of $25,000.00 for the fiscal year August 31, 1941, for 'steam pipeline including tunnels, pipe and fittings.' This item of the Appropriation Bill was vetoed by your Excellency, in the exercise of the power conferred by the Constitution.

"3. The warrant sought by Sul Ross Teachers College at Alpine to be used in repairing the roof of the library building at that institution is not a casual deficiency, as we have defined it above. It appears an appropriation for this specific purpose was vetoed by your Excellency in the exercise of your constitutional authority.

"The appropriation to Sul Ross State Teachers College carried the following item under Improvements and Repairs: 47. General repairs and improvements . . . $2,000.00 for each year of the biennium. If, since the closing of the session of the Legislature there has occurred an unexpected happening or event which has made necessary immediate repairs upon the building, the deficiency warrant might be appropriately authorized since there has been a specific appropriation--Item 47

above quoted--to form the basis for the constitutional casual deficiency of revenues, but no such warrant should issue to care for needs however great of the institution existing prior to the adjournment of the Legislature.

"4. Question No. 4 is based upon advice from Honorable C. E. Evans, President of Southwest Texas State Teachers College, that the request of the College for a deficiency warrant has been amended so as to seek authority to supplement Appropriation A-878, General Maintenance and Equipment, which has been exhausted, and from which payment is to be made of accounts for power, light, heat, plumbing and minor repairs on the power plant. If such appropriation has been exhausted, and, in the opinion of your Excellency, additional funds are necessary for the purposes for which such appropriation was originally available, in order to enable the institution to effectively carry on its work for the balance of the fiscal year, a deficiency warrant may be approved in the amount necessary, in your judgment, for such purpose.

"Such warrant should not in any event include the cost of steam pipe line. That item is definitely out. Any such claim or estimate should, of course, be itemized."

APPROVED FEB 5, 1946
/s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY BWB   CHAIRMAN

OS/JCP-dhs
Enclosure-1

Yours very truly

ATTORNEY GENERAL OF TEXAS

/s/ Ocie Speer
   Ocie Speer
   Assistant